IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CARL FERRELL,

           Plaintiff,

v.                                          CIVIL ACTION NO. 3:11-cv-00503

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed suit, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the Commissioner of the Social Security Administration's (hereinafter "Commissioner") denial of his application for disability insurance benefits ("DIB"). By standing order of this Court, and pursuant to 28 U.S.C. § 636(b)(1)(B), this case was referred to United States Magistrate Judge Cheryl A. Eifert for proposed findings of fact and recommendations for disposition. The Magistrate Judge issued proposed findings and recommended that this Court grant Defendant's motion for judgment on the pleadings and deny Plaintiff's motion for judgment on the pleadings. Plaintiff filed a response objecting in part to the Magistrate's proposed findings, arguing that the Magistrate Judge erred in finding that the ALJ, who did not order a consultative examination, did not fail in his duty to develop the record.

For the reasons stated below, the Court **DENIES** Plaintiff's objection (ECF No. 11), and **ACCEPTS** and **INCORPORATES** the Findings and Recommendations of the Magistrate Judge

1

(ECF No. 10), which **DENIES** Plaintiff's motion for judgment on the pleadings (ECF No. 7), **GRANTS** the like motion of Defendant (ECF No. 8), and **AFFIRMS** the decision of the Commissioner.

## STATEMENT OF THE CASE

Plaintiff Carl Ferrell filed an application for DIB on September 28, 2008, due to a degenerative spinal condition, bulging discs, sciatica, a herniated nucleus pulposis L5-S1, and anxiety. R. at 212. Plaintiff alleged that the date of disability onset was August 1, 2008. *Id.* Plaintiff worked as a CPA for 27 years before closing his accounting practice on July 31, 2008. R. at 33-34. He began working as an accountant again sometime thereafter. R. at 18. The Social Security Administration denied Plaintiff's application on January 29, 2009. R. at 44-48. Plaintiff filed a request for reconsideration, which was denied on July 9, 2009. R. at 49-52. At Plaintiff's request, a hearing was held before Administrative Law Judge (ALJ) James Toschi on December 10, 2010. R. at 25-41. The ALJ denied Plaintiff's DIB claim on December 23, 2010. R. at 9-11. Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on May 26, 2011, making the ALJ's decision final. R. at 1-5.

Plaintiff then filed a civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the ALJ's decision. ECF No. 1. The Commissioner filed an Answer, Transcript of Proceedings, and a Brief in Support of Defendant's Decision. ECF Nos. 5, 6, & 8. Plaintiff filed a Brief in Support of Judgment on the Pleadings, claiming that the ALJ had failed to fulfill his duty to develop the record, in that the ALJ did not order a psychological consultative examination. ECF No. 7. Plaintiff further claimed that the ALJ erred in finding that Plaintiff's

2

statements about the intensity, persistence, and limiting effects of his symptoms were not credible. Magistrate Judge Cheryl A. Eifert issued Proposed Findings and Recommendations on June 22, 2012. ECF No. 10. The Magistrate Judge found that "the record before the ALJ was adequately developed and … [found] no prejudicial gaps or inconsistencies in the record upon which to conclude that a psychological evaluation was necessary and may have altered the result of the Commissioner's decision." The Magistrate Judge further found that the ALJ was reasonable in determining that Plaintiff had poor credibility.

Plaintiff filed a Response to Report and Recommendations on July 9, 2012, asking that the decision denying DIB be reversed or remanded because the decision was not supported by substantial evidence. ECF No. 11. In his Response, Plaintiff alleged that the Magistrate Judge erred in finding that the ALJ, by not ordering a consultative examination, did not fail in his duty to develop the record. Plaintiff claims that the ALJ relied on an incomplete record, as there was no in-depth psychological evaluation; his only access was to primary care physicians, and he never had access to psychological or psychiatric assessments. This is Plaintiff's sole objection to the Magistrate Judge's Proposed Findings and Recommendations.

**STANDARD OF REVIEW**

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Under the Social Security Act, 42 U.S.C. §§ 301 *et seq.*, however, this judicial review of the Commissioner's final decision regarding disability benefits is limited. The Commissioner's decision must be upheld unless the Court finds that the decision: (1) is not

supported by substantial evidence; or (2) is based on an incorrect application of the law. *See* 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Fourth Circuit has defined "substantial evidence," when used in this context, as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In reviewing the ALJ's decision, the Court does not weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. *Hays*, 907 F.2d at 1456. If reasonable minds can differ about the outcome based on the evidence presented, then the Court must uphold the decision of the Commissioner. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (citations omitted) ("The fact that the record as a whole might support an inconsistent conclusion is immaterial, for the language of § 205(g) precludes a de novo judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'")

The Magistrate Judge discusses at length the ALJ's duty to develop the record, and this Court agrees with the Magistrate's analysis. Because "Social Security proceedings are inquisitorial rather than adversarial," the ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000), *remanded to* 224 F.3d 380 (5th Cir. 2000). However, the ALJ "is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision." *Ford v. Sec'y of Health & Human Servs.*, 659 F.2d 66, 69 (5th Cir. 1981); *see also Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th

Cir. 2001) (noting that the ALJ must more fully develop the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence").

It is a matter of discretion for the ALJ to determine whether or not to order consultative examinations. 20 C.F.R § 404.1519a(b) ("We may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim."); *Sims v. Apfel*, 224 F.3d 380, 381-82 (5th Cir. 2000). If the record is unambiguous and has sufficient evidence, then the ALJ need not order an examination, and the ALJ's decision to that effect deserves deference. *Keplinger v. Astrue*, No. 5-07-00099, 2008 WL 4790663, at *5 (W.D. Va. Nov. 3, 2008) (citing *Wren v. Sullivan*, 925 F.2d 123 (5th Cir. 1991)).

Furthermore, although the ALJ has a duty to further develop the record in certain instances, the burden of evidence-production remains on the claimant and his or her own counsel. 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are … disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); *see Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The ALJ's duty only extends so far, and does not allow the claimant to later allege that the record, which the claimant presented as complete, should have included more documentation. *See Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) ("Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record…and later fault the ALJ for not performing a more exhaustive investigation.")

The ALJ maintains a distinct role from that of the claimant's counsel, regardless of the ALJ's duty. *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994) ("[T]he ALJ is not required to

function as the claimant's substitute counsel, but only to develop a reasonably complete record"); *see also Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001); *Smith v. Apfel*, 231 F.3d 433, 443-44 (7th Cir. 2000). In evaluating whether the ALJ has fulfilled that duty, we must determine "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (citing *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981)). Reversal of the ALJ regarding record development is only warranted where the ALJ's failure to develop the record results in prejudice—namely, that the ALJ "could and would have adduced evidence that might have altered the result." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984), *quoted in Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000).

## ANALYSIS

Based on analysis of the record, the ALJ acted properly within his discretion by not ordering an in-depth psychological evaluation, and the record was sufficient without such an evaluation. The evidence in the record was unambiguous, showing that Plaintiff had a history of anxiety which he was able to control using minimal medication. There is no indication that Plaintiff requested further psychological evaluation, or that any of his doctors thought additional mental health treatment was necessary. Although medical notes in the record regarding his anxiety were brief, they are consistent and are sufficient evidence for the ALJ to conclude that psychological evaluation was not necessary. Plaintiff has pointed out no additional evidence that should change this determination by the ALJ, and has not shown that an evaluation, if ordered, would have changed the ALJ's denial of benefits. Therefore, Plaintiff has suffered no prejudice. This Court adopts and incorporates the findings of the Magistrate Judge concerning the duty to develop the record.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's objection (ECF No. 11), and **FINDS** that the ALJ did not err in his duty to develop the record, that the decision of the Commissioner was supported by substantial evidence, and that Plaintiff is not entitled to remand. The Court **ACCEPTS** and **INCORPORATES** the Findings and Recommendations of the Magistrate Judge (ECF No. 10), which **DENIES** Plaintiff's motion for judgment on the pleadings (ECF No. 7), **GRANTS** the like motion of Defendant (ECF No. 8), and **AFFIRMS** the decision of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 25, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE